# Law Offices of
# Kenneth Hiller, PLLC

Main Office: 6000 North Bailey Avenue, Suite 1A, Amherst, New York 14226
Telephone: (716) 564-3288  Facsimile: (716) 332-1884
Toll Free Number: (877) 236-7366
www.kennethhiller.com

July 21, 2014

United States Court of Appeals for the Second Circuit
40 Centre Street
New York, NY 10007

**Re: Albert B. Nigro v. Mercantile Adjustment Bureau, LLC; Case No. 13-1362**

Dear Clerk of the Court:

The FCC is correct in its' interpretation of the order it issued at 23 FCC Rcd 599 (the "2008 Order"), and in its' application of that order to this case. The 2008 Order found that the mere provision of cellular telephone number to a creditor is not sufficient to constitute consent to receive autodialed calls to that number unless, 1) the number was provided by the consumer (i.e. the debtor); 2) the number was provided during the transaction that resulted in the debt being owed. 2008 Order, at ¶10).

The converse of the 2008 Order is that if the number was *not* provided by the consumer during the transaction that created the debt, express consent to be called with autodialer technology at the number provided will *not* be found to have been given.

The Appellee argues that Nigro provided express consent because the facts and circumstances of this case demonstrate that he should have expected future robocalls on his deceased mother-in-law's account. However, this argument ignores the clear findings of the 2008 Order. The 2008 Order clearly holds that mere provision of a cellular telephone number to a creditor is *not* sufficient to constitute express consent unless the number was provided by the consumer at the time the transaction resulting in the debt occurred. *Id.*

1

*Social Security Disability, Consumer Litigation and Long Term Disability*



Page 2
July 21, 2014

In this case, Nigro meets neither of these prerequisites. He is not the consumer. It was his mother-in-law's account, not his. In addition, the transaction resulting in the debt had occurred prior to his involvement with the account. Given these fact, the 2008 Order clearly requires a finding that no express consent was given by Nigro.

The Appellee then takes language of the 2008 Order completely out of context. They note that in paragraph 9 of the 2008 Order, the FCC stated, "the provision of a cell phone to a creditor . . . reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." Of course, this selective quote ignores the next paragraph of the Order that states:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.

2008 Order, at ¶10. As noted above, Nigro's provision of his cell number meets neither of these requirements.

The district court's reasoning for not applying the 2008 Order is difficult to understand.[1] The Court stated, "There is no indication that the FCC intended this ruling to limit the application of the prior express consent exemption to only those parties with a consumer-creditor relationship." (R. 239). However, the 2008 Order did much more than find that the express consent exemption applied to creditors and debt collectors collecting debt. *It also placed limits on that exemption, finding that it is only available when the cell phone number was provided by*

---

[1] Appellee has not advanced the district court's reasoning in this regard in any of its' briefs.

*the consumer during the transaction that resulted in the debt being owed. Id.,* at ¶10. Thus, the district court's analysis is incorrect.

Finally, the Appellee is incorrect in answering the hypothetical question posed by the Court at oral argument. Appellee has repeatedly argued that providing a cell phone number evidences consent to receive robocalls. Under this analysis, if a hypothetical neighbor of a deceased debtor provided their cellular number to a utility company, they would be deemed to have given consent to receive robocalls. Further, contrary to Appellee's claim, it would not matter who initiated the telephone call in which the cell phone number was given.

The FCC thought all of these possibilities through when the adopted the 2008 Order. The plain reading of the 2008 Order urged by Appellant clearly protects individuals, such as the helpful neighbor in the Court's hypothetical, from being barraged by robocalls for a debt they have nothing to do with. Given the FCC's expertise in these matters, their interpretation of the TCPA, and in this case, their own rulings and orders, are properly looked to as a source of guidance. *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161 (1944).

By reason of the above, the decision of the district court should be reversed, and the matter remanded solely for a proper calculation of damages under the statute.

Dated: July 21, 2014           /s/Kenneth R. Hiller
                               Kenneth R. Hiller, Esq.
                               Law Offices of Kenneth Hiller PLLC
                               *Attorneys for Plaintiff*
                               6000 North Bailey Avenue, Suite 1A
                               Amherst, New York 14226
                               (716)564-3288
                               Email: @kennethhiller.com